UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER McCOY,

    *Plaintiff*,

v.

COLLEEN KOLLAR-KOTELLY, *et al.*,

    *Defendants*.

Civil Action No. 23-02695 (AHA)

### Memorandum Opinion

Plaintiff Jennifer McCoy filed this action alleging that she was unlawfully removed from a courtroom while observing a trial because she was not wearing a mask. She names the presiding judge, Colleen Kollar-Kotelly, and three officers as defendants. Defendants move to dismiss the operative complaint for lack of jurisdiction, failure to serve, and failure to state a claim. For the reasons below, the motion to dismiss is granted.

**I.    Background**

The operative complaint has one paragraph of factual allegations. The paragraph alleges that in September 2023, McCoy was present in Judge Kollar-Kotelly's courtroom "to observe and participate in legal proceedings." ECF No. 19 at 2. Although Judge Kollar-Kotelly had previously granted McCoy a medical exemption from wearing a mask in the courtroom due to a medical condition, two officers forcibly removed McCoy from the courtroom and threatened her with arrest. *Id.* According to the complaint, Judge Kollar-Kotelly did not prevent McCoy's removal despite having approved her medical exemption. *Id.*

Based on these allegations, McCoy asserts violations of the First, Fifth, and Fourteenth Amendments under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act, as well as a tort claim for intentional infliction of emotional distress ("IIED"). *Id.* at 3–4. She seeks damages, as well as declaratory and injunctive relief. *Id.* at 5. Defendants move to dismiss for lack of jurisdiction, failure to serve, and failure to state a claim. ECF No. 22.[1]

## II. Discussion

In reviewing a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Tanner-Brown v. Haaland*, 105 F.4th 437, 443 (D.C. Cir. 2024) (subject matter jurisdiction); *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (failure to state a claim). To survive dismissal, a complaint must "state a claim to relief that is plausible on its face" and thereby "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at

---

[1] The operative complaint follows McCoy's original complaint and prior attempts to supplement her allegations via amendment and an "errata" that did not comply with the applicable rules. *See* ECF Nos. 1, 11, 13. After receiving those pleadings, and out of due consideration for McCoy's status as a pro se litigant, the Court granted McCoy an additional attempt to amend. Min. Order (Jan. 8, 2025). The Court specifically "advised that the amended complaint that [McCoy] files will supersede her previous filings and therefore must include all the factual allegations she wishes the Court to consider," including "which individuals [she] intends to sue, which claims she wishes to pursue against each defendant, and what relief she seeks from the Court." *Id.* Having provided this additional opportunity, the Court considers the allegations in the amended complaint McCoy filed in response to those instructions.

555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court proceeds with extra care when a plaintiff is without counsel. "The pleadings of pro se parties are to be 'liberally construed,' and a pro se complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). At the same time, "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Id.* (quoting *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009)). Pro se litigants must still establish subject matter jurisdiction and state a claim to survive dismissal. *Id.*

Applying these standards, the Court concludes that McCoy lacks standing to assert claims for prospective injunctive relief and fails to state a claim for damages.

## A. McCoy Lacks Standing To Seek Prospective Injunctive Relief

The Court begins with the issue of whether McCoy has standing to assert her claims, which goes to subject matter jurisdiction and therefore "presents a threshold question." *El Paso Nat. Gas Co. v. United States*, 750 F.3d 863, 874 (D.C. Cir. 2014). "The 'irreducible constitutional minimum of standing contains three elements': injury in fact, causation, and redressability." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Where a party "seeks prospective declaratory and injunctive relief, he must establish an ongoing or future injury that is 'certainly impending'; he may not rest on past injury." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013)).

Here, McCoy's amended complaint seeks prospective injunctive relief even though her allegations are limited to past injury and contain no indication of a future injury, let alone one that is "certainly impending." McCoy alleges she was excluded from a proceeding in Judge Kollar-Kotelly's courtroom after previously being granted a medical exemption. She does not allege an

3

intention to return to Judge Kollar-Kotelly's courtroom for future proceedings or any facts indicating she would be excluded again were she to do so. Because McCoy alleges only "[p]ast exposure to illegal conduct" and not a "real and immediate threat of repeated injury," she cannot satisfy the injury in fact requirement and does not have standing to seek prospective injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (alteration in original) (citation omitted); *see also Lujan*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.").[2]

McCoy's allegations of past injury do, however, provide standing to seek damages, and the Court accordingly considers whether she has stated a valid claim for such relief.

### B. McCoy's Amended Complaint Fails To State A Claim

McCoy's amended complaint asserts violations of the First, Fifth, and Fourteenth Amendments under 42 U.S.C. § 1983, the ADA, and the Rehabilitation Act, as well as a tort claim for IIED. None of these are claims upon which relief could be granted against Defendants.[3]

---

[2] In addition to the lack of any future injury, McCoy's request for injunctive relief may not be redressable. It is not clear that this Court has the authority to regulate the courtroom policy of another district judge, especially where Circuit policy stated that people attending or participating in district court proceedings "will follow the protocols set by the presiding judge." Mask Policy in the Public Areas of the Courthouse and Courtrooms Effective October 17, 2022, *available at* https://www.dcd.uscourts.gov/sites/dcd/files/Mask%20Policy%20in%20the%20Courthouse%20 Updated%20October%202022_.pdf (last visited Mar. 27, 2025).

[3] In setting forth the parties, the amended complaint references Defendants in their "official capacity." ECF No. 19 at 2. To the extent McCoy sues Defendants in their official capacities for constitutional violations, those claims would be barred by sovereign immunity and the Court would lack jurisdiction to resolve them. *See, e.g.*, *Smith*, 44 F. Supp. 3d at 37–40 (concluding that sovereign immunity barred official-capacity claims against federal judges); *Slate v. District of Columbia*, 79 F. Supp. 3d 225, 232–33 (D.D.C. 2015) (same for official-capacity claims against U.S. Marshals Service deputies). However, given liberal pro se pleading standards, the Court treats these as claims against Defendants in their individual capacities.

First, McCoy's § 1983 claims cannot be brought against Defendants, who are all federal actors. Section 1983, by its terms, provides a cause of action only against officials acting "under color of" state law. 42 U.S.C. § 1983; *see Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1103 (D.C. Cir. 2005). Section 1983 therefore cannot be a basis for suit against a federal judge or federal Marshals.

Second, McCoy's claims under the ADA and Rehabilitation Act must be dismissed because the amended complaint fails to allege facts showing a disability within the meaning of those laws. These statutes apply to individuals who have or are regarded as having a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1); 29 U.S.C. § 705(20). Here, the amended complaint alleges that Judge Kollar-Kotelly granted McCoy a "medical exemption from wearing a mask due to a medical condition," but it does not allege facts to support that the medical condition is a qualifying disability under the ADA or Rehabilitation Act. ECF No. 19 at 2.[4] Because McCoy has not identified a specific disability, she cannot state a claim under the ADA or Rehabilitation Act. *See, e.g.*, *Parker v. Solis Mammography*, No. 23-cv-0656, 2024 WL 4253166, at *4 (D.D.C. Sept. 20, 2024) ("Absent sufficient factual allegations showing plaintiff had a disability as the ADA defines the term, all ADA claims fail."), *appeal docketed*, No. 24-7167 (D.C. Cir. Oct. 29, 2024); *Yisrael v. Dep't of Lab.*, No. 23-cv-01454, 2025 WL 832807, at *3 (D.D.C. Mar. 17, 2025) (dismissing Rehabilitation Act claims where plaintiff failed to identify specific disability).

---

[4] In referring to her medical exemption, McCoy's amended complaint cites "Exhibit A." ECF No. 19 at 2. McCoy does not attach any exhibit to her amended complaint, despite the Court's earlier warning to ensure that her next pleading was complete. Based on a review of the docket, McCoy may be referring to the "Exhibit" attached to her original complaint. *See* ECF No. 1-1. However, that exhibit appears to be a doctor's note stating only that McCoy had a "medical reason to be unmasked" without any further detail. *Id.* at 2.

Third, McCoy's IIED claim cannot proceed against these Defendants. Although McCoy does not identify a cause of action and corresponding waiver of sovereign immunity to bring this claim against federal officials, the Court will liberally construe her claim as one under the Federal Tort Claims Act ("FTCA") against the United States. *See, e.g.*, *Lewis v. Werfel*, No. 23-cv-359, 2024 WL 111760, at *6 (D.D.C. Jan. 10, 2024) (liberally construing pro se plaintiff's filings as raising IIED claim under FTCA).[5] Even still, however, the claim must be dismissed. The FTCA provides that "[a]n action shall not be instituted" against the United States for damages "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). This presentment requirement "is a jurisdictional prerequisite to the maintenance of a tort suit against the United States." *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987). Because McCoy has not pled facts showing she satisfied the FTCA's presentment requirement, her claim must be dismissed. *See* Fed. R. Civ. P. 8(a)(1) (requiring a plaintiff to plead "a short and plain statement of the grounds for the court's jurisdiction"); *Allen v. Brown*, 320 F. Supp. 3d 16, 32 (D.D.C. 2018) (collecting cases).[6]

### C. McCoy Has Failed To Act Timely Or Diligently In Serving Defendants

At this point in the proceedings, McCoy's amended complaint is also appropriately dismissed on the additional ground that she has failed to timely or diligently effect proper service on Defendants. McCoy filed her original complaint in September 2023, naming all four

---

[5] Defendants have submitted a Westfall certification attesting that Defendants were acting within the scope of their federal employment, allowing the United States to be substituted as a defendant for the purposes of any FTCA claim. ECF No. 22-1; *see* 28 U.S.C. § 2679(d)(1).

[6] Defendants additionally argue that McCoy's IIED claim fails because there is no private tort analog to being excluded from a courtroom and, even to the extent it can be analogized to IIED, exclusion from a courtroom does not rise to the level of the "extreme" or "outrageous" conduct required for such a claim. ECF No. 22 at 24–25. Because the Court finds it lacks jurisdiction, it does not reach these alternative arguments for dismissal.

Defendants, and the deadline for completing service under the Federal Rules of Civil Procedure passed in December 2023. *See* Fed. R. Civ. P. 4(m) (defendant must be served within ninety days after the complaint is filed). In May 2024, five months late, McCoy filed proof that she had served the Clerk of Court with a summons for Judge Kollar-Kotelly. ECF No. 4. Judge Kollar-Kotelly objected to the sufficiency of this service in her initial motion to dismiss in August 2024. ECF No. 10-1 at 22–24 (asserting that McCoy's service was improper under Rule 4). McCoy has neither remedied her service as to Judge Kollar-Kotelly nor taken any action to serve the officers since she named them in her complaint over a year and a half ago. This is so even though the Court has previously advised McCoy that failure to properly effect service may lead to dismissal of her claims. *See* Min. Order (Jan. 8, 2025) (warning that McCoy's amended complaint "must be properly served on each defendant, and [McCoy] must file proof of service as to each defendant"). Although McCoy has recently moved for an extension of time to serve based on her pro se status, she does not provide any specific facts to excuse her failure to act diligently to serve Defendants for this extended period of time. *See* ECF No. 24 (asserting merely that McCoy "has encountered procedural difficulties" and has not perfected service "[d]ue to circumstances beyond [her] control"). McCoy's failure to timely serve Defendants, or to show good cause for that failure, accordingly provides an alternative basis for dismissal. *See, e.g.*, *Morrissey v. Mayorkas*, 17 F.4th 1150, 1158 (D.C. Cir. 2021) (upholding dismissal where plaintiff "made no attempt to demonstrate good cause to the district court before the deadline for service had passed"); *Klayman v. Obama*, 125 F. Supp. 3d 67, 77 (D.D.C. 2015) ("[C]ircumstances such as negligence, attorney mistake, ignorance of the rules governing service, or evidence of a plaintiff's 'inadvertence, oversight, or

neglect' do not establish the requisite good cause." (quoting *Mann v. Castiel*, 681 F.3d 368, 376 (D.C. Cir. 2012))).[7]

**III.   Conclusion**

Defendants' motion to dismiss is granted and this matter is dismissed without prejudice. McCoy's motion for an extension of time to serve is denied. McCoy's motions for a letter of exemption, ECF No. 3, for courthouse camera footage, ECF No. 5, and for a copy of Judge Kollar-Kotelly's courtroom rules, ECF No. 18, are denied as moot.

A separate order accompanies this memorandum opinion.

                                                                                                 _____
                                                                                                 AMIR H. ALI
                                                                                                 United States District Judge

Date:   March 27, 2025

---

[7] McCoy also seeks leave to amend "to cure any deficiencies the Court may identify." ECF No. 25 at 9. McCoy does not identify any facts that she would add in yet another amended complaint, and this request to amend again is therefore denied. *See, e.g.*, *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130–31 (D.C. Cir. 2012) (affirming denial of leave to amend where plaintiff's request "neither included a proposed amended complaint nor otherwise indicated that she would be able to plead sufficient facts to state a plausible claim for relief").

8